UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

DIANA GARCIA,                          )
                                       )
                    Plaintiff          )
                                       )
vs.                                    )        CIVIL ACTION NO:_____
                                       )
GC SERVICES LIMITED                    )        **09-CV-14294-MARTINEZ/LYNCH**
PARTNERSHIP-DELAWARE,                  )
                                       )
                    Defendants         )

FILED by _**LH**_ D.C.
ELECTRONIC

**August 26, 2009**

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. · MIAMI

### NOTICE OF REMOVAL

**TO:   THE JUDGES OF THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA**

The Notice of Removal of Defendant GC Services Limited Partnership. respectfully shows as follows:

1.      On or about the 3[th] day of August, 2009, an action was commenced against the above-named defendant in the Circuit Court of Highlands County, Florida, entitled ***Diana Garcia v. GC Services Limited Partnership-Delaware***, Case No. 09001147GCS by filing a Summons and Complaint with the District Clerk of Courts, a copy of which is annexed hereto as Exhibit A.

2.      The aforesaid Summons and Complaint was served via process server on the registered agent for GC Services Limited Partnership (hereinafter "GC Services") and received on August 6, 2009.  GC Services' current responsive pleading date is August 26, 2009, pursuant to Rule 1.140(a)(1) of the Florida Rules of Civil Procedure.

3.      The time for the filing of GC Services' responsive pleading has not yet expired. No further proceedings have been had herein.

4.      Based upon the allegations in the Complaint, the above-captioned action is a civil suit of which this Court has original jurisdiction under 28 U.S.C. § 1331.

5.      Plaintiffs' Complaint includes claims under the Federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, and the Florida Consumer Collection Practices Act, § 559.72, F.S., et seq.,

6.      15 U.S.C. § 1692 *et seq.* is a federal act, which provides that a consumer can file a civil action when alleged unlawful debt collection practices have been used against him by a collector of debt.

7.      Pursuant to 28 U.S.C. § 1331, the Court has original jurisdiction over this matter as Plaintiffs' claim under 15 U.S.C. § 1692 *et seq.* arises under the laws of the United States. Additionally, this Court also has supplemental jurisdiction over all other related claims pursuant to 28 U.S.C. § 1367(a).  Moreover, the Plaintiffs; state law claims do not raise novel or complex issues of State law or predominate over the 15 U.S.C. § 1692 *et seq.* claim.

8.      Removal of this action to this Court is permissible under the provisions of 28 U.S.C. § 1441 in that it is a civil action founded on a claim or right arising under the laws of the United States.  Furthermore, the state causes of action are so related to the claim under 15 U.S.C. § 1692 *et seq.* that they form part of the same case or controversy under Article III of the United States Constitution.

9.      Removal is timely under 28 U.S.C. §1446(b) as thirty (30) days have not elapsed since GC Services first received a copy of the Complaint.

10.     In accordance with 28 U.S.C. §1446(d), written notice of the filing of this removal notice will be given to Plaintiff and will be filed with the Circuit Court of Highlands County, Florida, following the filing of this notice.

2

11. In submitting this Notice of Removal, GC Services reserves all defenses, including lack of personal jurisdiction.

**WHEREFORE**, Defendant GC Services Limited Partnership requests that the above action now pending against it in the Circuit Court of Highlands County, Florida, be removed to the United States District Court For The Southern District of Florida.

Dated this 25th day of August, 2009.

Respectfully submitted,

GC SERVICES LIMITED PARTNERSHIP

By its Attorneys,

James I. Sullivan, Esq.
Florida Bar No. 0904430
jsullivan@hinshawlaw.com
Chioma U. Hibbert
Florida Bar No. 0844381
chibbert@hinshawlaw.com
Hinshaw & Culbertson LLP
100 South Ashley Drive
Suite 500
Tampa, Florida 33602
Telephone: 813-276-1662
Facsimile: 813-276-1956
*Attorneys for Defendant GC Services Limited Partnership*

## CERTIFICATE OF SERVICE

I, James I. Sullivan, hereby certify that on this 25th day of August, 2009, I served a true and accurate copy of the foregoing document via first class mail, postage prepaid on the following counsel of record:

Mr. Brian P. Parker
Law Offices of Brian P. Parker, P.C.
30700 Telegraph Road, Suite 1580
Bingham Farms, MI 48025
*Counsel for Plaintiff*

_____
James I. Sullivan

4

6477705v1 903165 46121

IN THE CIRCUIT COURT OF THE
10TH JUDICIAL HIGHLANDS CIRCUIT COURT,
STATE OF FLORIDA
CASE NO:
CIVIL DIVISION: 09-1147 GCS

DIANA GARCIA

      Plaintiff,

vs.

GC SERVICES LIMITED PARTNERSHIP-DELAWARE,

      Defendants.

---

### CIVIL ACTION SUMMONS

STATE OF FLORIDA
To Each Sheriff of Said State:

YOU ARE HEREBY COMMANDED to serve this Summons and a copy of the Complaint or Petition in this action on Defendant:

GC SERVICES LIMITED PARTNERSHIP-DELAWARE,
RA: The Corporation Company
30600 Telegraph Rd., Ste. 2345
Bingham Farms, MI 48025

Each Defendant is required to serve written defenses to the Complaint or Petition on Plaintiff's attorney, to wit Brian Parker  whose address is:

30700 Telegraph Road, Suite 1580
Bingham Farms, MI 48025

Within 20 days after service of this Summons on that Defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service on Plaintiff's attorney or immediately thereafter. If a Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the Complaint or Petition.

EACH SHERIFF OF THE STATE:

YOU ARE HEREBY COMMANDED to serve the Summons and a copy of the Complaint in this lawsuit on the above-named Defendant.

Dated this ____3____ day of __Aug__, 2009

ROBERT W. GERMAINE, CLERK

Clerk Of The Circuit Court

(SEAL)

By: /s/ _____

Deputy Clerk

---

**EXHIBIT**

"A"

IN THE CIRCUIT COURT OF THE
10TH JUDICIAL HIGHLANDS CIRCUIT COURT,
STATE OF FLORIDA

DIANA GARCIA,

**Plaintiff,**

-vs-

Case No.
HON.

GC SERVICES LIMITED PARTNERSHIP-DELAWARE,

**Defendant.**

_____/

LAW OFFICES OF BRIAN P. PARKER, P.C.
BRIAN P. PARKER (0980668)
Attorney for Plaintiff
30700 Telegraph Rd., Suite 1580
Bingham Farms, MI 48025
(248) 642-6268
(248) 642-8875 (FAX)
lemonlaw@ameritech.net
WWW.COLLECTIONSTOPPER.COM

_____/

## COMPLAINT AND DEMAND FOR JURY

Plaintiff, **DIANA GARCIA**, by and through counsel, brings this action against the above

listed Defendant, **GC SERVICES LIMITED PARTNERSHIP-DELAWARE**, (Defendant) on

the grounds and in the amounts set forth herein:

### I. PRELIMINARY STATEMENT

The plaintiff brings this action for damages based upon the Defendant's violations of the

Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq,* and seeks actual damages,

punitive damages, costs and attorney's fees.

## II. PARTIES

1.

The plaintiff is a natural person and consumer, a resident of Sebring, Highlands County, Florida, and a "consumer" as defined by 15 U.S.C. § 1692a(3).

2.

The defendant is a Foreign Limited Partnership with its registered agent located in the State of Michigan with the actions in this case taking place at Plaintiff's home location in Highlands County.

3.

The defendant is engaged in the collection of debts from consumers using the mail and telephone. The defendants regularly attempt to collect consumer debts alleged to be due another and is a "debt collector" as provided in 15 U.S.C. § 1692a(6).

## III. JURISDICTION AND VENUE

4.

This court has subject matter jurisdiction over this Complaint pursuant to FDCPA, 15 U.S.C. § 1692 *et seq*. The venue is proper in any court of competent jurisdiction under 15 U.S.C. § 1692k(d).

## IV. STATUTORY STRUCTURE

## FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

5.

The FDCPA was passed to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers

against debt collection abuse. 15 U.S.C. § 1692.

6.

Under the FDCPA, a "consumer" is any natural person obligated or allegedly obligated to pay any debt. 15 U.S.C. §1692a(3).

7.

Under the FDCPA, "debt" means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes. 15 U.S.C. § 1692a(5).

8.

Under the FDCPA, a "debt collector" is any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose for which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another. 15 U.S.C. § 1692a(6).

9.

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. 15 U.S.C. § 1692e.

10.

A debt collector may not violate the FDCPA, 15 U.S.C. § 1692f by using unfair or unconscionable means to collect or attempt to collect any debt.

11.

Any debt collector who fails to comply with the provisions of the FDCPA is liable for any actual damages sustained, statutory damages up to $1,000.00, attorneys' fees as determined by the Court and costs of this action. 15 U.S.C. § 1692k.

12.

The Florida Consumer Collection Practices Act (FCCPA), 559.55 et seq. is an act to regulate the collection practices of certain persons; to provide for the powers and duties of certain state agencies; and to provide penalties and civil fines.

13.

A "Debt Collector" means any person who uses any instrumentality of commerce within this state, whether initiated from within or outside this state, in any business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. The term "debt collector" includes any creditor who, in the process of collecting her or his own debts, uses any name other than her or his own which would indicate that a third person is collecting or attempting to collect such debts. Florida Statutes, Sections 559.55 (6).

14.

"Debtor" or "consumer" means any natural person obligated or allegedly obligated to pay any debt. Florida Statutes, Sections 559.55 (2).

15.

"Debt" or "consumer debt" means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment. Florida Statutes, Sections 559.55 (1).

16.

Prohibited acts by debt collectors or collection agencies under Florida Statutes, Sections 559.72, include:

(7) Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family;

(8) Use profane, obscene, vulgar, or willfully abusive language in communicating with the debtor or any member of her or his family;

(15) Refuse to provide adequate identification of herself or himself or her or his employer or other entity whom she or he represents when requested to do so by a debtor from whom she or he is collecting or attempting to collect a consumer debt;

(4) Communicate or threaten to communicate with a debtor's employer prior to obtaining final judgment against the debtor, unless the debtor gives her or his permission in writing to contact her or his employer or acknowledges in writing the existence of the debt after the debt has been placed for collection, but this shall not prohibit a person from telling the debtor that her

or his employer will be contacted if a final judgment is obtained;

(5) Disclose to a person other than the debtor or her or his family information affecting the debtor's reputation, whether or not for credit worthiness, with knowledge or reason to know that the other person does not have a legitimate business need for the information or that the information is false; and

(9) Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate or assert the existence of some other legal right when such person knows that the right does not exist;

17.

Under Florida Consumer Collection Practices Act, 559.77 et seq.(1 and 2) A person who suffers injury, loss, or damage, or from whom money was collected by the use of a method, act, or practice in violation of this act may bring an action for actual damages and for additional statutory damages of up to $1,000, together with court costs and reasonable attorney's fees incurred by the plaintiff. In an action brought pursuant to subsection (1and 2), in determining the defendant's liability for any additional statutory damages, the court shall consider the nature of the defendant's noncompliance with 559.72, the frequency and persistence of such noncompliance, and the extent to which such noncompliance was intentional.

## V. FACTUAL ALLEGATIONS

18.

Plaintiff is receiving numerous phone calls from Defendant representatives in regards to the collection of an alleged debt.

19.

This alleged debt derives out of a Chase debt in the amount of $4,300.00. "Debra" repeatedly calls Plaintiff from 866-440-3360.

20.

Defendant is calling Plaintiff everyday, even after Plaintiff has repeatedly asked Defendant to stop calling her.

21.

Defendant is even calling Plaintiff at her place of employment, even after Plaintiff specifically asked Defendant to stop calling her there. **Please see attached Exhibit No. 1.**

22.

In fact, the calls are so frequent to Plaintiff's work that Plaintiff's manager told Plaintiff that they will fire her if the calls continue at her work. **Please see attached Exhibit No.1.**

23.

Defendant has been rude and abusive in conversations with Plaintiff, her manager and her co-worker.

24.

"Debra," Defendant's representative, told Plaintiff that she "stole money from them." **Please see attached Exhibit No. 1.**

25.

In another conversation, Defendant screamed at Plaintiff in an attempt to collect on this alleged debt.

26.

Defendant told one of Plaintiff's co-workers that Plaintiff owes this alleged debt. **Please see attached Exhibit No. 1.**

27.

Defendant even called Plaintiff's 76 year old father in Puerto Rico and told him that he has to give then $1,500.00 for this alleged debt. **Please see attached Exhibit No. 2.**

28.

As a result of Defendant's wrongful conduct, Plaintiff has suffered statutory, actual, emotional and financial damages and also seeks her attorney fees and costs under the FDCPA and FCCPA. **Please see attached Exhibit No. 3.**

29.

Plaintiff seeks judgement against the Defendant in whatever amount in excess of $15,000 that Plaintiff is entitled to and the costs and expenses of this action.

## VI. CAUSES OF ACTION

### CLAIM AGAINST DEFENDANT UNDER THE FDCPA

30.

The defendant has violated the FDCPA, 15 U.S.C. § 1692e (10) by the use of false representations and deceptive means in pursuing Plaintiff for a debt. **Please see Paragraphs 24 and 27.**

31.

Defendant has violated the FDCPA, 15 U.S.C. § 1692d by engaging in any conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt. **Please see Paragraphs 18, 19, 20, 21, 22, 23, 24, 25, 26 and 27.**

32.

Defendant has violated the FDCPA, 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount or legal status of any debt. **Please see Paragraph 24.**

33.

Defendant has violated the FDCPA, 15 U.S.C. § 1692f by using unfair or unconscionable means to collect or attempt to collect any debt. **Please see Paragraphs 18, 19, 20, 21, 22, 23, 24, 25, 26 and 27.**

34.

Defendant has violated the FDCPA, 15 U.S.C. § 1692d(5) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse or harass any person at the called number. **Please see Paragraphs 18, 19, 20 and 21.**

35.

Defendant has violated the FDCPA, 15 U.S.C. § 1692d(2) by using obscene or profane language or language the natural consequence of which is to abuse the hearer. **Please see**

**Paragraphs 23, 24, 25 and 27.**

36.

Defendant has violated the FDCPA, 15 U.S.C. § 1692e(4) by representing or implying that nonpayment of any debt will result in the arrest or imprisonment of any person. **Please see Paragraphs 24 and 27.**

37.

Defendant has violated the FDCPA, 15 U.S.C. § 1692e(5) by threatening to take any action that cannot legally be taken or that is not intended to be taken. **Please see Paragraphs 24 and 27.**

38.

Defendant has violated the FDCPA, 15 U.S.C. § 1692b by communicating with any person other than the consumer for purposes other than acquiring location information. **Please see Paragraphs 23, 26 and 27.**

39.

Defendant has violated the FDCPA, 15 U.S.C. § 1692b(1) by communicating with any person other than the consumer and not identifying himself and not stating that he is confirming or correcting location information concerning the consumer. **Please see Paragraphs 23, 26 and 27.**

40.

Defendant has violated the FDCPA, 15 U.S.C. § 1692b(2) by communicating with any

person other than the consumer and stating that such consumer owes a debt. **Please see Paragraphs 23, 26 and 27.**

41.

Defendant has violated the FDCPA, 15 U.S.C. § 1692c(a)(1) by communicating with the consumer at any unusual time or place known or which should be known to be inconvenient to the consumer. **Please see paragraphs 21, 22, and 27.**

42.

Defendant has violated the FDCPA, 15 U.S.C. § 1692c(a)(3) by communicating with the consumer at the consumer's place of employment when the debt collector knows or has reason to know that the consumer's employer prohibits the consumer from receiving such communication. **Please see paragraphs 21, 22 and 23.**

43.

Defendant has violated the FDCPA, 15 U.S.C. § 1692c(b) by communicating with any person other than the consumer in connection with the collection of any debt. **Please see Paragraphs 23, 26 and 27.**

44.

Defendant has violated the FDCPA, 15 U.S.C. § 1692e(7) by falsely representing or implying that the consumer committed any crime or other conduct in order to disgrace the consumer. **Please see Paragraph 24.**

45.

As a result of Defendant's wrongful conduct, Plaintiff has suffered statutory, actual, emotional and financial damages and also seeks her attorney fees and costs under the FDCPA.

## CLAIM AGAINST DEFENDANT UNDER THE FCCPA

46.

Defendant has violated  559.72(7) by using a harassing, oppressive or abusive method to collect on a debt. **Please see Paragraphs 18, 19, 20, 21, 22, 23, 24, 25, 26 and 27.**

47.

Defendant has violated  559.72 (8) by using profane, obscene, vulgar, or willfully abusive language in communicating with the debtor. **Please see Paragraphs 23, 24, 25 and 27.**

48.

Defendant has violated  559.72 (4) by communicating or threatening to communicate with a debtor's employer prior to obtaining final judgment against the debtor, unless the debtor gives her or his permission in writing to contact her or his employer or acknowledges in writing the existence of the debt after the debt has been placed for collection, but this shall not prohibit a person from telling the debtor that her or his employer will be contacted if a final judgment is obtained. **Please see Paragraphs 21, 22, 23 and 26.**

49.

Defendant has violated  559.72 (5) by disclosing to a person other than the debtor or her or his family information affecting the debtor's reputation, whether or not for credit worthiness, with knowledge or reason to know that the other person does not have a legitimate business need

for the information or that the information is false. **Please see Paragraphs 26 and 27.**

50.

Defendant has violated  559.72 (9) by claiming, attempting, or threatening to enforce a

debt when such person knows that the debt is not legitimate or assert the existence of some other

legal right when such person knows that the right does not exist. **Please see Paragraphs 24 and**

**27.**

51.

Upon adverse adjudication, the Defendant shall be liable for actual damages and for

additional statutory damages of up to $1,000, together with court costs and reasonable attorney's

fees incurred by the plaintiff. In determining the defendant's liability for any additional statutory

damages, the court shall consider the nature of the defendant's noncompliance with s. 559.72, the

frequency and persistence of such noncompliance, and the extent to which such noncompliance

was intentional.

52.

As a result of Defendant's wrongful conduct, Plaintiff has suffered statutory, actual,

emotional and financial damages and also seeks her attorney fees and costs under the FCCPA.

53.

As a result of the actions of Defendant, Plaintiff hired the undersigned counsel. Counsel

has been an attorney in good standing for almost 13 years and has handled thousands of

consumer cases, personally. Counsel is known in his field of a consumer advocate and a competent, experienced consumer trial attorney. As a result, counsel's time is billed at the reasonable rate of $350.00 an hour.

54.

Plaintiff seeks judgement against the Defendant in whatever amount that Plaintiff is entitled in excess of $15,000, consequential damages and the costs and expenses of this action.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court grants the following relief against the Defendant:

1. For compensatory damages;
2. For statutory and emotional damages under the FDCPA;
3. For $1,000 and actual damages under 559.72;
4. For attorneys' fees and costs incurred in this action under the FDCPA and FCCPA;
5. For Damages under the FCCPA, and
6. For such other and further relief as the Court may deem just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a Trial by Jury on all issues.
This 18th day of July, 2009.

Respectfully submitted,

BRIAN P. PARKER (0980668)
Attorney for Plaintiff



### AFFIDAVIT OF DIANA GARCIA

STATE OF FLORIDA     )

COUNTY OF HIGHLANDS     )

     DIANA GARCIA being first duly sworn, deposes and says that she is of suitable age and discretion to testify in a Court of law and that she makes this Affidavit based upon personal knowledge and, if called upon to testify, would testify as follows:

1.     GC SERVICES LIMITED PARTNERSHIP-DELAWARE is calling me and harassing me in regards to the collection of an alleged debt.

2.     Representatives of GC SERVICES LIMITED PARTNERSHIP-DELAWARE are calling me everyday, even after I asked them to stop calling me.

3.     Representatives of GC SERVICES LIMITED PARTNERSHIP-DELAWARE are repeatedly calling me at my work, even after I specifically asked them to stop calling me there. I never gave them my work number.

4.     Representatives of GC SERVICES LIMITED PARTNERSHIP-DELAWARE have been rude and abusive in conversations with me.

5.     "Debra," GC SERVICES LIMITED PARTNERSHIP-DELAWARE's representative, told me that I stole money from them.

6.     A representative of GC SERVICES LIMITED PARTNERSHIP-DELAWARE screamed at me in one conversation.

7.     A representative of GC SERVICES LIMITED PARTNERSHIP-DELAWARE treated my manager and co-worker nasty in one conversation.

8.   My manager told me that they will fire me if the calls from GC SERVICES

LIMITED PARTNERSHIP-DELAWARE continue at my work.

9.   A representative of GC SERVICES LIMITED PARTNERSHIP-DELAWARE

told my co-worker that I owe this alleged debt.

Further, Deponent sayeth not.

_Diana García_

Subscribed and sworn to before me
this 9th day of July, 2009.

Notary Public

ERIN S. LAFORCE
Notary Public - State of Florida
My Commission Expires Jul 12, 2010
Commission # DD 573551
Bonded By National Notary Assn.

Also That lady name Debbra Call to
my Father in Puerto Rico he is
74 years old  and he get nervious
the blood Pressure get high, my
Sister take care Him and the Phone
Call. and that lady Debbra Use
an Interpreter name Wanda Santiago
and my Father have to give then
$1,500.00 Using ATM card. In the same day
I'm never give them my father
Phone number in Puerto Rico.

Thank You.

Diana Garcia

### Debt Collection Damages

EX # 8

These are my damages:

| | | |
|---|---|---|
| Sleeplessness | (Yes) | No |
| Fear of answering the telephone | (Yes) | No |
| Nervousness | (Yes) | No |
| Fear of answering the door | (Yes) | No |
| Embarrassment when talking to or seeing friends or family | (Yes) | No |
| Depression (sad, anxious, or "empty" moods) | Yes | No |
| Chest Pain | Yes | No |
| Feelings of hopelessness, pessimism | Yes | No |
| Feelings of guilt, worthlessness, helplessness | Yes | No |
| Appetite and/or weight loss or overeating and weight gain | (Yes) | No |
| Thoughts of death or suicide; suicide attempts | Yes | No |
| Restlessness, irritability | Yes | No |
| Other physical symptoms headaches, digestive disorders, and chronic pain. | (Yes) | No |
| Negative impact on my job | (Yes) | No |
| Negative impact on my relationship | Yes | No |

Other physical or emotional symptoms that you feel are associated with abusive debt collections:

_____
_____
_____
_____
_____
_____

I swear, under the penalty of perjury, that the above is true:

DIANA GARCIA
Print Name Above

_Diana Garcia_
Sign Name Above

Subscribed and sworn to before me
this _9th_ day of _July_, 2009.

_Erin Laforce_
Notary Public

NCLAIMSFORMSDAMAGES FORM.IHHHL.wpd

ERIN S. LAFORCE
Notary Public - State of Florida
My Commission Expires Jul 12, 2010
Commission # DD 573551
Bonded By National Notary Assn.

# CIVIL COVER SHEET

The JS — 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**1.(a) PLAINTIFFS**

Diana Garcia

**DEFENDANTS**

GC Services Limited Partnership

**( 09-CV-14294-MARTINEZ/LYNCH)**

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  Highlands County, FL
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT
OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Brian  P. Parker, Esq.
Law Offices of Brian P. Parker, P.C.
30700 Telegraph Road, Suite 1580
Bingham Farms, MI 48025

ATTORNEYS (IF KNOWN)

James I. Sullivan, Esq. and Chioma U. Hibbert, Esq.
Hinshaw & Culbertson LLP
100 South Ashley Drive
Suite 500
Tampa, Florida 33602

| II. BASIS OF JURISDICTION (PLACE AN 'X' IN ONE BOX ONLY) | III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN 'X' IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only) | | |
|---|---|---|---|
| | | PTF DEF | PTF DEF |
| ☐ 1 U.S. Government     ☒ 3  Federal Question Plaintiff              (U.S. Government Not a Party) | Citizen of This State        ☐ 1 ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 ☐ 4 |
| ☐ 2 U.S. Government     ☐ 4  Diversity Defendant              (Indicate Citizenship of Parties in Item III) | Citizen of Another State    ☐ 2 ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 ☐ 5 |
| | Citizen or Subject of a     ☐ 3 ☐ 3 Foreign Country | | |
| | | Foreign Nation | ☐ 6 ☐ 6 |

**IV. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance ☐ 120 Marine ☐ 130 Miller Act ☐ 140 Negotiable Instrument ☐ 150 Recovery of Overpay ment & Enforcement of Judgment ☐ 151 Medicare Act ☐ 152 Recovery of De faulted Student Loans Excl. Veterans ☐ 153 Recovery of Over payment of Veteran's Benefits ☐ 160 Stockholders' Suits ☒ 190 Other Contract ☐ 195 Contract Product Liability | PERSONAL INJURY ☐ 310 Airplane ☐ 315 Airplane Product Liability ☐ 320 Assault, Libel & Slander ☐ 330 Federal Employers' Liability ☐ 340 Marine ☐ 345 Marine Product Liability ☐ 350 Motor Vehicle ☐ 355 Motor Vehicle Product Liability ☐ 360 Other Personal Injury | PERSONAL INJURY ☐ 362 Personal Injury – Med. Malpractice ☐ 365 Personal injury – Product Liability ☐ 368 Asbestos Personal Injury Product Liability PERSONAL PROPERTY ☐ 370 Other Fraud ☐ 371 Truth in Lending ☐ 380 Other Personal Property Damage ☐ 385 Property Damage Product Liability | ☐ 610 Agriculture ☐ 620 Other Food & Drug ☐ 625 Drug Related Seizure of Property 21 USC 881 ☐ 630 Liquor Laws ☐ 640 R.R. & Truck ☐ 650 Airline Regs. ☐ 660 Occupational Safety/ Health ☐ 690 Other | ☐ 422 Appeal 28 USC 158 ☐ 423 Withdrawal 28 USC 157 **PROPERTY RIGHTS** ☐ 820 Copyrights ☐ 830 Patent ☐ 840 Trademark | ☐ 400 State Reapportionment ☐ 410 Antitrust ☐ 430 Banks and Banking ☐ 450 Commerce/ICC Rates/etc. ☐ 460 Deportation ☐ 470 Racketeer Influenced and Corrupt Organizations ☐ 810 Selective Service ☐ 850 Securities/Com modities/Exchange ☐ 875 Customer Challenge 12 USC 3410 ☐ 891 Agricultural Acts ☐ 892 Economic Stabilization Act ☐ 893 Environmental Matters ☐ 894 Energy Allocation Act ☐ 895 Freedom of Information Act ☐ 900 Appeal of Fee Determination Under Equal Access to Justice ☐ 950 Constitutionality of State Statutes ☒ 890 Other Statutory Actions |
| **REAL PROPERTY** ☐ 210 Land Condemnation ☐ 220 Foreclosure ☐ 230 Rent Lease & Ejectment ☐ 240 Torts to Land ☐ 245 Torts Product Liability ☐ 290 All Other Real Property | **CIVIL RIGHTS** ☐ 441 Voting ☐ 442 Employment ☐ 443 Housing/ Accommodations ☐ 444 Welfare ☐ 440 Other Civil Rights' | **PRISONER PETITIONS** ☐ 510 Motions to Vacate Sentence HABEAS CORPUS: ☐ 530 General ☐ 535 Death Penalty ☐ 540 Mandamus & Other ☐ 550 Civil Rights ☐ 555 Prison Condition | **LABOR** ☐ 710 Fair Labor Standards Act FILED by _LH_ D.C. ELECTRONIC **August 26, 2009** STEVEN M. LARIMORE CLERK U.S. DIST. CT. S.D. OF FLA. - MIAMI | **SOCIAL SECURITY** ☐ 861 HIA (1395ff) ☐ 862 Black Lung (923) ☐ DIWC/DIWW (405(g)) ☐ SSID Title XVI RSI (405(g)) **RAL TAX SUITS** Taxes (U.S. Plaintiff or Defendant) IRS – Third Party 26 USC 7609 | |

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 Original Proceeding   ☒ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district   ☐ 6 Multidistrict Litigation   ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**  (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

This is a civil action which arises under 15 USC 1692 et seq.  The Court has original jurisdiction, pursuant to 28 U.S.C. 1331.

| VII REQUESTED IN COMPLAINT | CHECK IF THIS IS A CLASS ACTION ☐ UNDER F.R.C.P. 23 | DEMAND $$t.00 | CHECK YES only if demanded in complaint: JURY DEMAND: ☒ YES  ☐ NO |
|---|---|---|---|

| VIII RELATED CASE(S) IF ANY | (See Instructions): | JUDGE | DOCKET NUMBER |
|---|---|---|---|

DATE  08/25/09                SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY
RECEIPT # 235298      AMOUNT $350.00    APPLYING IFP _____    JUDGE Martinez    MAG. JUDGE Lynch